This was a case in partition. A motion Was made to confirm the return of the commissioners and the other proceedings, which had taken place under the act of 1830, au-thorising the master or commissioners in equity to grant writs of partition. It was said to have been the practice of the court in that district to confirm' returns under similar circumstances, and that parties would be taken by surprise if the motion was refused.
Certainly some diversity exists in the practice on this subject. It is perhaps not so important what the practice is as that it should be uniform . The bar find no dificulty in conforming their course to any rule that may be established. It is believed that a strict observance of the requisitions of the law, will, in the end, prove the least troublesome, the least expensive and the least tedious. — The intestate, Thomas Graydon, left a widow and ten children and one grand child and the d aughter of deceased child; six of the children were femes covert, of whom, four resided in this state, and were parties complainants, two resided beyond the limits of the state and were made defendants. The grand child was an infant. The commissioners divided the land into two tracts, which they valued. They recommended that one tract should be given to one of the sons, *64 on a credit of twelve months, and the other tract to another son on the same credit. It is provided by the act that, on payment of the consideration money, the persons to whom the land is adjudged “shall be vested with the estate so adjudged to them, as fully and absolutely as the ancestor was vested.”
In England the practice is, to decree a conveyance; such has not been the practice in this country, nor does it seem to be necessary by the terms of the act.
It may be regarded as a judicial title. But if a conveyance hadbeen directed, the feme covert must join in order to pass her inheritance. In the proceedings in partition, it should appear to the Court, that she is actually a party. The only ground on which a purchaser would be protected in a sale made under proceedings in partition would be that the feme covert was a party. If it does not appear on the face of the record, it might perhaps be presumed that the Court would not have directed a sale of her inheritance without an examination.
If she is a complainant, she ought to sign the bill. If an answer is filed in her name, it shouldbe signed by her. In this case the bill was not signed by the femes coverts complainants.
Six of the defendants resided out of the state. The writ was issued on the day after the filing of the bill, and in nine days afterwards the return of the commissioners was made ; being three months before the rule to answer had expired. The writ could not regularly be issued until the bill had been taken pro confesso against the absent defendants. In the opinion of the Court, there turn of the commissioners should be complete, so that, when it shall be confirmed, it is a judgment of the Court, for each of the parties interested. If the land is adjudged to an individual party, on payment of a sum of money, the return or the Order of confirmation should specify how much should be paid to each of the other parties in interest. It was intended that the judgment in partition should ascertain and fix the exact rights of either party.
In the return submitted to the Court, a gross sum was directed to be paid by one of the parties, after a credit of twelve months ; but the return does not state to which of *65 the other parties the payment is to he made. It is presumable that the widow is entitled to a third (fee.; but the sums payable to each should be stated, so that an execution might issue, if necessary. The order proposed to be entered was that the return should be confirmed, and that the parties to whom the lands have been assigned should give bond, with ample security, to the commissioners, for the ■ excess over and above their rspective distributive shares of the land, payable in twelve months, and that the fund, when collected, should be paid over to the parties respectively entitled thereto, unless the further order of the court should be necessary to ascertain the rights of the said parties. It appears to the court that this is not in accordance with the act of the legislature. If the land is to be vested in the party to whom it is adjudged, on his giving bond with ample security, it varies from the act, which does not vest the estate until the payment of the consideration money; but if it is intended only as an additional security, the party to whom the land is adjudged, ought not to be required to give such additional security, nor do the commissioners make that condition, even if they were warranted in doing so. But, as has been stated, the object of the proceedings is to ascertain and fix the rights of the respective parties. Nothing of that kind is fixed by the order proposed to be entered. No party could call on the commissioners, or upon the party to whom the land is adjudged, for any particular sum, as his or her proportion. It is not sufficient to say id cerium est, quod cerium reddi potest. It is the duty of the commissioners, or of the court, in confirming their return, so to apportion the fund that each party might act for himsélf.
But, according to the construction which the court places on the act, no credit can be allowed when the land is adjudged to either of the parties. The terms of the act give the same authority to the court of Common Pleas as to the court of equity. After the return of the commissioners the court may order a sale to be made, on such terms, and on. such a credit, as to them shall seem right; or they may determine that the land shall be vested “in one or more of the persons entitled to a portion of the same, on the payment of a sum of money.” But no power is given to the *66 court, either of Law or Equity, to allow a credit to the party to whom the land is adjudged. It should he a judgment in partition, on which each party might have his exetion.
One of the parties to these proceedings is an infant,, whose consent can never he implied.
The court does not feel at liberty to grant the order which has been submitted.
It is ordered that the parties have liberty to amend the proceedings upon the principles herein before stated.
The complainants appealed and moved the court of Appeals to reverse the decree of the Chancellor in these cases, refusing in the first to grant an order of sale of the premises^ and refusing in the other an order to confirm the return of the commissioners assigning the lands to particular dis-tributees ; on the ground, that said decrees are founded in a misapprehension of the facts, and contrary to law and equity.